[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: RULING ON PETITION FOR BILL OF DISCOVERY
The petitioner Cadle Company ("Cadle") brings this action pursuant to General Statutes § 52-156a, seeking an equitable bill of discovery prior to the initiation of a civil action for monies it believes respondent Norman Drubner ("Drubner") may owe it in connection with a note and mortgage that petitioner acquired on the secondary mortgage market. Drubner objects to Cadle's application, arguing that it has failed to present the proof necessary to establish the basis for granting pre-suit discovery.
The parties do not dispute the basic facts giving rise to this dispute. In 1991 Drubner entered into a Restructuring Agreement with Centerbank in connection with a series of outstanding loans. As part of that agreement Drubner executed a promissory note to Centerbank in the approximate amount of $19 million secured by a mortgage and collateral assignment of rents involving ten properties in Waterbury, Connecticut. The restructuring agreement provided that if the respondent fulfilled all of the obligations set forth in paragraph 19.21 of the agreement, he would be released from any personal obligation arising under the original loan obligations. In its petition Cadle alleges that the respondent has been released from its financial obligations under the note and mortgage, but asserts that the release is subject to certain duties of cooperation which Cadle claims it has been unable to verify.
In 1997, Cadle received an assignment of the note and mortgage which were the subject of the Restructuring Agreement. As part of its purchase of the note and mortgage from Centerbank's successor-in-interest, Cadle, for reasons which are not identified in its petition, did not obtain a copy of the Restructuring Agreement. Subsequently, it made demand upon CT Page 3826 Drubner for a copy of the Agreement and accompanying exhibits, claiming that without them Cadle cannot determine whether Drubner has discharged its duty of cooperation under the Agreement. Respondent declined to provide Cadle with the entire 121 page document, instead forwarding to it an eight (8) page excerpt, arguing that most of the Agreement referred to loans and collateral that are unrelated to the loan that Cadle acquired from Centerbank. Drubner did provide Cadle with Sec. 19.21 of the Agreement which sets forth with particularity the specific terms and conditions of Drubner's duty to cooperate.
At oral argument Cadle acknowledged that it was "unsure" whether it had attempted to obtain the documents in question from Centerbank or its successors. It also represented that it did not know whether such documents are actually in the possession of its predecessors in interest.
The parties agree that resolution of this matter is guided by General Statutes § 52-156a and Berger v. Cuomo, 230 Conn. 1
(1994). In Berger, our Supreme Court set forth the essential elements of a successful petition for a bill of discovery:
 To sustain the bill, the petitioner must demonstrate that what he seeks to discover is material and necessary for proof of, or is needed to aid in proof of or in defense of, another action already brought or about to be brought. Although the petitioner must also show that he has no other adequate means of enforcing discovery of the desired material, `the availability of other remedies for obtaining information does not require the denial of equitable relief. . . .
 Discovery is confined to facts material to the plaintiff's cause of action and does not afford an open invitation to delve into the defendant's affairs. A plaintiff must be able to demonstrate good faith as well as probable cause that the information sought is both material and necessary to his action. A plaintiff should describe with such details as may be reasonably available the material he seeks . . . and should not be allowed to indulge a hope that a thorough ransacking of any information and material which the defendant may possess would turn up evidence helpful to his case. . . .
 The plaintiff who brings a bill of discovery must demonstrate by detailed facts that there is probable cause to bring a potential cause of action. . . . Moreover, the plaintiff who CT Page 3827 seeks discovery in equity must demonstrate more than a mere suspicion; he must also show that there is some describable sense of wrong.
Id. at 6-7 (citations omitted; internal quotation marks omitted)
For at least two reasons, Cadle's petition is denied. First, even when considered in the light most favorable to Cadle, the petition fails to set forth sufficient facts to permit the required finding that there is "probable cause to bring a potential cause of action." Id. at 7. As the Berger court observed, "[t]he plaintiff who seeks discovery in equity must demonstrate more than a mere suspicion; he must also show that there is some describable sense of wrong." Id. By the petitioner's own admission, it is unable to show that there is a "describable sense of wrong." Instead, Cadle offers only conclusory allegations that it has an apprehension that Drubner may have failed to discharge its duty of cooperation. While Cadle may have good faith questions concerning the extent and scope of Drubner's cooperation, those questions do no constitute probable cause to bring a potential cause of action alleging a breach of that duty.
Second, even if probable cause were established, the petitioner has failed to demonstrate that it "has no other adequate means of enforcing discovery of the desired material." Id. For reasons which are not disclosed, petitioner either has not attempted or has failed to obtain the requested documents from its predecessor-in-interests, Centerbank, First Union Bank, or BCS Acquisition, L.P., which, according to the representations of respondent's counsel, purchased the note from First Union Bank. In the absence of an adequate explanation for its inability to procure these documents as part of its purchase of the note, Cadle has failed to satisfy its burden of demonstrating that it has no other adequate means of enforcing discovery of the desired material.
For the foregoing reasons the petitioner's application for a bill of discovery is denied.
SO ORDERED.
ROBERT L. HOLZBERG, J. CT Page 3828